UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH TAFARI KEYES-ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. CHAPA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:25-cv-00077-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS FOLLOWING SCREENING**<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Micah Tafari Keyes-Anderson is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.　INTRODUCTION**

On September 29, 2025, the Court issued its First Screening Order. (Doc. 10.) It found Plaintiff stated cognizable Eighth Amendment excessive force claims against Defendants Chapa, Luna, Salazar, Aguilar, Gamboa-Campos, Bravo-Rodriguez, Valero, and Cruz but failed to state any other claims against any other named defendant. (*Id*. at 3-9.) Plaintiff was directed to do one of the following within 21 days: (1) notify the Court he did not wish to file a first amended complaint and instead was willing to proceed only on the Eighth Amendment excessive force claims against Defendants Chapa, Luna, Salazar, Aguilar, Gamboa-Campos, Bravo-Rodriguez, Valero, and Cruz, the remaining claims to be dismissed; or (2) file a first amended complaint curing the deficiencies identified in the Court's order, or (3) file a notice of voluntary dismissal.

(*Id*. at 10-11.)

On November 12, 2025, the Court issued its Order Directing Clerk of the Court to Re-Serve First Screening Order and Order Directing Plaintiff to Respond to the First Screening Order Within 21 Days.[1] (Doc. 11.)

On November 24, 2025, Plaintiff filed a timely notice indicating his wish to proceed only on the claims found cognizable by the Court. (*See* Doc. 12.)

## II.     ORDERS AND RECOMMENDATIONS

Accordingly, the Court **DIRECTS** the Clerk of the Court to randomly assign a district judge to this action. Additionally, the Court further **DIRECTS** the Clerk of the Court to add "C. Valero" as a defendant to the docket for this action.

Finally, for the reasons given above, the Court **RECOMMENDS** that:

1. This action **PROCEED** *only* on Plaintiff's Eighth Amendment excessive force claims against Defendants Chapa, Luna, Salazar, Aguilar, Gamboa-Campos, Bravo-Rodriguez, Valero, and Cruz;
2. Defendants D. Diaz and J. Escutia be **DISMISSED** from this action; and
3. Any remaining claims in Plaintiff's complaint be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations

---

[1] The screening order was returned by the United States Postal Service marked "Undeliverable, Refused, Return to Sender, Unable to Forward" on October 22, 2025. However, Plaintiff's address had not changed.

under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 25, 2025**          /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE